**\*E-FILED 5/7/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY GIPPETTI,<br><br>    Plaintiff,<br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant.<br>_____/ | No. C07-00812 RMW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**[Re: Docket No. 47]** |

On April 29, 2008, this court heard plaintiff Jeffrey Gippetti's motion to compel the production of documents. Defendant United Parcel Service, Inc. ("UPS") opposed the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part without prejudice.

Plaintiff brought the instant action in state court for alleged age discrimination, and UPS removed the matter here, asserting diversity jurisdiction. Plaintiff was, until September 2004, a driver employed by UPS whose job reportedly was to drive the SU09 route to pick up packages at the Oakland airport and deliver them to Sunnyvale. He alleges that UPS fired him because of his age (he was over 40 years old at the time). UPS says that Gippetti's termination had nothing to do with his age. Rather, it contends that he was fired for "stealing time" (i.e., sleeping on the job during periods he claimed to be working, taking excessive rest breaks and inaccurately recording meal and rest breaks) and because he did not properly complete truck safety

inspections required by UPS and government regulations.

In November 2007, plaintiff served a request for documents seeking "[t]he tachograph records for the trips driven on Route SU09 from September 1, 2004 to the present." (Scher Decl., Ex. A (Plaintiff's Document Request No. 8)). Tachograph records show a vehicle's speed and the length of time it is moving or stationary. (*See* Perks Decl., ¶ 3; Gippetti Decl., ¶ 15)). In response, UPS advised that its policy was to retain tachographs for only a limited period of time,[1] but it agreed to produce all responsive tachographs located after reasonable search and diligent inquiry. (*See* Scher Decl., Ex. A at p. 5).

UPS produced several of plaintiff's tachograph records for the SU09 route from September 2004, as well as the tachograph records for that route from December 10, 2007 to February 15, 2008. UPS advises that, on October 2, 2007, it moved the Santa Cruz leg of the SU09 route to the SU23 route; so, it also produced tachograph records for the SU23 route from December 10, 2007 to February 15, 2008. UPS says that it will continue to produce responsive tachographs on an ongoing basis. However, defendant says that it has not been able to locate any other responsive tachographs because its practice is, and since 2002 has been, to preserve such records for only 37 days due to the large volume of the data.

Plaintiff complains that defendant's production is insufficient, and he expresses skepticism as to its stated 37-day retention policy because he says defense counsel did not advise him of it until several months after the document requests were served. Additionally, he complains that UPS produced time cards of other drivers, but failed to identify the drivers.

Plaintiff now moves to compel the production of documents. Precisely what he seeks by his motion, has been somewhat of a moving target.[2] Nevertheless, his motion states that he

---

[1] UPS initially stated that it retained tachographs for 90 days. It now acknowledges that its initial statement as to the length of the retention period was wrong and that its practice is and has been to retain tachographs for 37 days. (*See* Opp. at p. 5 n.2).

[2] For the first time in his reply brief, plaintiff also summarily requests an order compelling UPS to produce (1) records of drivers who covered his route when he went on vacation and their ages; (2) time cards and ages of drivers who drove the SU09 route from January 2004 through April 2004; and (3) his own time cards for May 2003 through April 2004. These issues were not properly raised on the instant motion, and the court declines to address them here.

2

seeks an order compelling UPS to (a) identify the names of the drivers for the time cards that have been produced; (b) produce written evidence of its retention policy and when that policy was implemented; and (c) have a knowledgeable UPS employee state when this policy was instituted and why the unavailability of the tachographs was not stated at the outset.

Plaintiff's motion to compel UPS to identify the drivers for the produced time cards is moot. UPS has provided plaintiff with a table showing the employee name for each employee identification that appears on the time cards.

UPS has also presented the declaration of Jim Perks, its IVIS User Representative for Corporate Transportation, who attests that he is knowledgeable about the company's tachograph record retention practices and that the policy has been in place since 2002. (*See* Perks Decl., ¶ 4).

As for plaintiff's request for defendant's retention policy, UPS argues that it is premature and inappropriate because the instant motion was its first notice that he sought such documents. Indeed, there is nothing to indicate that plaintiff previously requested documentation of defendant's tachograph retention policy. Nevertheless, his request for production of defendant's retention policy is granted. At oral argument, defense counsel indicated that there may be a written policy. Although plaintiff failed to properly request the policy in the first instance, at the court's suggestion, defendant agreed to produce a copy of it. If it has not yet produced the policy, defendant shall do so within ten days of the date of this order.

To the extent plaintiff now seeks discovery sanctions or a finding of spoliation, that request is not properly before the court at this time. As noted above, the instant motion has been a moving target. It was brought as a motion to compel certain documents (some of which, as discussed above, were not properly requested in the first place) – apparently because plaintiff wished to probe defendant's representations as to its retention policy and to explore possible bases for spoliation. (*See* Mem. of P&A at pp. 1-2). The only mention of sanctions in his motion is the statement, "Depending on the [sic] UPS reveals about its retention policy and when that was instituted and why it did not preserve the tachographs, Plaintiff submits that there

3

is the potential of an [sic] sanction against UPS for spoliation." (Mem. of P&A at p. 3). Accordingly, insofar as plaintiff now seeks an order imposing sanctions for alleged spoliation, his motion is premature and is denied without prejudice.

IT IS SO ORDERED.

Dated: May 7, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:07-cv-812 Notice has been electronically mailed to**:

Leslie D. Ellis leslieellis@paulhastings.com, jeffsmith@paulhastings.com

Laura Beth Scher laurascher@paulhastings.com, janetgogna@paulhastings.com

M. Van Smith mvsmith@sbcglobal.net

Sana Swe sanaswe@paulhastings.com, daliaromhill@sbcglobal.net

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

5